KERRY M. L. SMITH, OSB #881033
SMITH & FJELSTAD
722 N. Main Ave.
Gresham, Oregon 97030
Telephone: (503)669-2242
Facsimile: (503)669-2249
smithandfjelstad@frontier.com

Attorneys for Plaintiff

FILED 27 SEP '11 11:33USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SHANNON M. BENTZ and COLLEEN FLEMING,<br><br>Plaintiffs,<br><br>v.<br><br>BOYD COFFEE COMPANY,<br><br>Defendant. | Civ. No. CV 11-1165- HU<br><br>COMPLAINT<br><br>(Sex Discrimination and Retaliation-Title VII)<br><br>JURY TRIAL DEMANDED |

## NATURE OF ACTION

1. This is an action under Title VII of the Civil Rights Act of 1964 as amended by Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, to vindicate the rights of plaintiffs and other similarly situated persons to fair treatment and equal opportunities and to make the plaintiffs whole. Plaintiffs were, or reasonably believed they were,

PAGE 1 - COMPLAINT

#42942

subjected to a sexually hostile environment while employed with defendant and, after complaining of the sexually hostile environment, defendant terminated their employment.

2. This is also an action under Oregon law based on a sexually hostile environment and retaliation.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391 because the claims arose in the District of Oregon and because plaintiffs were, at all material times, residents of the State of Oregon. The court has supplemental jurisdiction over the state statutory claims under 28 U.S.C. § 1367.

4. Th employment practices that plaintiffs allege were committed in the District of Oregon.

## PARTIES

5. Ms. Bentz and Ms. Fleming are citizens of the United States and the State of Oregon. Defendant, at all material times, employed Ms. Bentz and Ms. Fleming.

6. Defendant is an Oregon corporation that at all material times as authorized to and conducting business in Oregon. Defendant was and is an "employer" as that term is defined under Title VII, 42 U.S.C. § 2000e *et seq.*, and for purposes of Oregon state law prohibiting employment discrimination and retaliation. On information and belief, defendant continuously has had and does now have more than 500 employees.

## PROCEDURAL REQUIREMENTS

7. Plaintiffs filed claims with the Oregon Bureau of Labor and Industries (BOLI) in April, 2011. The filing with BOLI constituted a joint filing with the federal Equal Employment

PAGE 2 - COMPLAINT

Opportunity Commission pursuant to a work sharing agreement between the two agencies. BOLI and the EEOC supplied plaintiffs with right to sue notices. Plaintiffs have filed these claims within 90 days from the date of the right to sue notices. Plaintiffs' BOLI claims encompassed the types of claims now asserted in this lawsuit.

## STATEMENT OF FACTS

8. Plaintiffs always performed their job duties with defendant in a satisfactory manner.

9. On or about August 9, 2010, plaintiffs reported to defendant that plaintiffs reasonably believed they were subjected to a prohibited sexually hostile work environment.

10. On or about August 12, 2010, plaintiffs reported to defendant that they believed they were in danger of losing their jobs as retaliation for making the complaints on or about August 9, 2010.

11. On or about August 12, 2010, after plaintiffs reported their concerns regarding retaliation, both plaintiffs were terminated from their employment with defendant.

## FIRST CLAIM FOR RELIEF

(Title VII Gender Discrimination - 42 U.S.C. §2000e *et seq.*)

12. Plaintiffs incorporate the allegations in paragraphs 1 through 11.

13. Defendants actions constituted unlawful employment practices in violation of Title VII including, but not limited to, subjecting plaintiffs to a sexually hostile environment and a failure to take prompt and appropriate remedial measures to correct the work environment.

14. The effect of defendant's employment practices as alleged was to deprive plaintiffs of equal employment opportunities and otherwise adversely affected their status as employees. Plaintiffs suffered, and continue to suffer, severe emotional harm as a result of defendant's

PAGE 3 - COMPLAINT

actions. Plaintiffs are entitled to recover for their non-economic damages in an amount to be determined at trial.

15. Plaintiffs, as a result of defendant's actions, have lost wages in an amount to be determined at trial.

16. Defendant's acts were part of a pattern and practice of discrimination and the court should enter an injunction prohibiting such conduct in the future.

17. Defendant's acts were undertaken intentionally or with reckless disregard for the plaintiff's federally protected employment rights. To deter further such abusive conduct, plaintiffs each seek punitive damages against defendant in an amount to be determined at trial.

18. Plaintiffs are entitled to recover their reasonable attorney fees, expert witness expenses and litigation costs pursuant to 42 U.S.C. § 2000e-5(k).

## SECOND CLAIM FOR RELIEF

(Retaliation - 42 U.S.C. § 2000e *et seq.*)

19. Plaintiff incorporates paragraphs 1 through 11.

20. A motivating factor in the decision to terminate Ms. Bentz and Ms. Fleming from their employment with defendant was the fact that both plaintiffs had complained about a sexually hostile work environment.

21. As a result of defendant's actions, plaintiffs seek the damages alleged in paragraphs 14 through 17.

22. Plaintiffs are entitled to recover their attorney fees, expert witness expenses and litigation costs as alleged in paragraph 18.

SMITH & FJELSTAD
722 N. Main Ave.
Gresham, Oregon 97030
Telephone: (503) 669-2242 \ Facsimile: (503) 669-2249

## THIRD CLAIM FOR RELIEF

(Gender Discrimination - ORS 659A.030)

23. Plaintiffs incorporate paragraphs 1 through 11 and paragraphs 14 through 16.

24. Defendants actions constituted unlawful employment practices in violation of ORS 659A.030 *et seq.* including, but not limited to, subjecting plaintiffs to a sexually hostile environment and a failure to take prompt and appropriate remedial measures to correct the work environment.

25. Plaintiffs are entitled to recover their reasonable attorneys' fees pursuant to ORS 659A. 885. They are also entitled to recover their expert witness fees pursuant to ORS 20.107.

## FOURTH CLAIM FOR RELIEF

(Retaliation - ORS 659A.030)

26. Plaintiffs incorporate paragraphs 1 through 11, 20, 21 and 25.

## FIFTH CLAIM FOR RELIEFU

(Whistleblowing - ORS 659A.199)

27. Plaintiffs incorporate paragraphs 1 through 11, 20, 21 and 25.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that the court:

1. Assume jurisdiction over each of these causes of action set forth above.

2. Grant a permanent injunction enjoining defendant, its management personnel, employees, agents, successors and assigns, and all persons in active concert or participationn with defendant, from engaging in any employment practices that discriminates on the basis of sex or retaliates against persons who complain of discriminatory practices in the workplace.

PAGE 5 - COMPLAINT

3. Order defendant to institute and carry out policies, practices and programs providing for equal employment opportunities to females and persons who complain about discriminatory practices and that affirmatively eradicate the effects of past and present unlawful employment practices.

4. Order defendant to make plaintiffs whole by compensating them for past and future pecuniary losses, including out of pocket expenses, lost past earnings and benefits of employment, all in such amounts as are determined at trial.

5. Order defendant to make plaintiffs whole by providing compensation for nonpecuniary losses, including physical and emotional pain and suffering, mental anguish, humiliation and embarrassment, and loss of enjoyment of life in amounts to be determined at trial.

6. Order defendant to pay plaintiff punitive damage on the federal law claims in amounts to be determined at trial.

7. Award plaintiffs their litigation costs and their reasonable attorney fees and expert witness expenses.

8. Order defendant to pay prejudgment and postjudgment interest on all amounts due to plaintiffs as a result of this action.

9. Order such further or alternative relief in favor of plaintiffs as the court deems just, equitable and appropriate.

/////

/////

/////

/////

SMITH & FJELSTAD
722 N. Main Ave.
Gresham, Oregon 97030
Telephone: (503) 669-2242 \ Facsimile: (503) 669-2249

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

Dated: September 22, 2011.

SMITH & FJELSTAD

By: _____
Kerry M.L. Smith
OSB NO. 881033
Of Attorneys for Plaintiffs

PAGE 7 - COMPLAINT